**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DONALD R. WARD,

        Plaintiff,

vs.                            CASE NO. 2:12-cv-14296
                                    HONORABLE PAUL D. BORMAN
                                    UNITED STATES DISTRICT JUDGE

JOHN DOE,

        Defendant,

_____/

## <u>OPINION AND ORDER DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER/INJUNCTION AND THE MOTION TO AMEND OR SUPPLEMENT PLEADING</u>

On November 13, 2012, this Court summarily dismissed plaintiff's civil rights complaint that had been filed pursuant to 42 U.S.C. § 1983, because plaintiff had failed to correct the filing fee deficiency in this case, nor had he informed the Court of his current mailing address, having been transferred from his prior place of incarceration, the Federal Correctional Institution at Milan, Michigan.

Plaintiff has now filed a motion for temporary restraining order/injunction and a motion to amend or supplement the pleading. For the reasons that follow, the Court will deny the motions.

This Court dismissed the complaint because plaintiff failed to comply with the deficiency order and correct the filing fee deficiency in this case.

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of

1

the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F.3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.* If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *Id.*

The Court dismissed plaintiff's complaint for want of prosecution because of his failure to adequately correct the filing deficiency in this case. Plaintiff has still failed to correct the deficiency. Although plaintiff ultimately submitted an application to proceed *in forma pauperis,* plaintiff has failed to provide the Court with a signed certification regarding trust fund account. An uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under § 1915(a)(2), nor would it cure the deficiency in this case. *See Hart v. Jaukins,* 99 F. App'x. 208, 209-10 (10th Cir. 2004). Moreover, plaintiff's conclusory and unsupported allegations of wrongdoing by one of the counselors at the federal prison in failing to provide him with a signed trust fund account statement, which he raises in his motion to supplement or amend the pleading,

2

are insufficient to excuse plaintiff's non-compliance with the PLRA's filing requirements. *See*

*Montana v. Hargett,* 212 F. App'x. 770, 772-73 (10th Cir. 2007).

Under the circumstances, this Court is without power to reinstate this case to the Court's

active docket.  Accordingly, this Court will deny plaintiff's motions.

Accordingly, the Motion for Temporary Restraining Order/Injunction [Dkt. # 9] and the

Motion to Amend/Supplement Pleading [Dkt. # 10] are **DENIED.**

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 26, 2013

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each
attorney or party of record herein by electronic means or first class U.S. mail on June 26,
2013.

s/Deborah R. Tofil
Deborah R. Tofil

3